ASSOCIATED PARTS, Inc., v. LIBERTY FOUNDRIES CO.

Patent Appeal No. 3304.

Court of Customs and Patent Appeals.
May 31, 1934.

Geo. E. Kirk, and Tracy, Chapman & Welles, all of Toledo, Ohio (Holland S. Duell, of New York City, of counsel), for appellant.

Wilson, Dowell, McCanna & Rehm, of Chicago, Ill. (John F. McCanna, of Chicago, Ill., and Charles R. Allen, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an opposition proceeding from a decision of the Commissioner of Patents, sustaining the opposition of appellee to the registration of appellant's mark and holding that appellant is not entitled to register said mark.

The mark applied for by appellant consists of the notation "Red Head," and is used in connection with and applied to automobile heaters utilizing hot fluids from the engine. Specimens of the mark which appear in the record show that it is used in conjunction with the representation of the head of a boy; the hair in said representation being colored red.

The opposer (appellee) filed notice of opposition, setting up the use of the marks "Ha Dees" and the conventional representation of a devil's head, as applied to automobile heaters of the same class since 1927. It also set forth three registrations which it owns—No. 241,503 of May 1, 1928, No. 279,286 of January 13, 1931, and No. 272,813 of July 15, 1930. The first of said registrations is for the mark "Ha Dees" for automobile heaters and parts or accessories therefor; the second is for the same mark applied to space heaters, generally of a type through which steam or hot water is passed to deliver heat therefrom, and parts or accessories therefor; the third is for the representation of a devil's head, having the conventional hood and horns and spouting fire, applied to automobile heaters and parts or accessories therefor. The notice of opposition contained the usual allegations that confusion would be likely between the goods of the parties if appellant's registration were allowed, and that appellee would be damaged by such registration.

The parties took no testimony, but a stipulation of facts was made in the Patent Office, which stipulation appears in the record and is accurately summarized in the decision of the Commissioner as follows:

"Neither party has taken testimony; but in lieu thereof a stipulation has been submitted which is to the effect that the goods are the same in character, that the opposer was several years prior in the field in the use of its mark upon its goods, that opposer has widely advertised its goods under its marks as shown in opposer's exhibits Nos. 1, 2, and 3, and that it has sold its goods through dealers and jobbers generally 'in that portion of the United States in which automobile heaters are used.' It is also stipulated that the applicant has widely advertised its goods under its mark here sought to be registered and used in connection with the pictorial representation of the head of a boy having red hair."

It may be noted that Appellee's Exhibits Nos. 1, 2, and 3, above referred to, are, respectively, one of opposer's advertisements taken from a national trade magazine entitled "Motor Service," displayed on the front of the December 15, 1929, issue thereof, one of opposer's 1929 dealer circulars, and one of opposer's 1931 dealer circulars, said circulars also being advertising matter.

The Examiner of Interferences held that the two registrations of the mark "Ha Dees" owned by appellee were so different in appearance, sound, and significance as to furnish no basis for sustaining the opposition. As to the third registration, that for the representation of the devil's head, the Examiner held that confusion would not be likely, stating as follows:

" * * * While opposer's exhibits show that the picture of the Devil in actual use is displayed in red it seems clear to the examiner that it would not be likely to be designated by purchasers as 'Red Head' but rather by one of the terms by which this imaginary horned-creature is known, as for example, 'Devil' or 'Satan,' and opposer's use of the notation 'Ha Dees' with this picture of the 'Devil' can only tend to impress upon purchasers the significance intended to be conveyed by the picture used by the opposer."

He then proceeded to hold that the marks do not so closely resemble each other as to make confusion likely, dismissed the notice of opposition, and held appellant entitled to register the mark, applied for.

Upon appeal from this decision of the Examiner, the Commissioner held that confusion was likely, basing his decision on a consideration of only that registration of appellee which relates to the representation of the devil's head, stating as follows:

" * * * . * Obviously but one of opposer's registrations need be considered, and that is the one for the pictorial representation of a devil's head. The applicant's notation 'Red Head' is fairly descriptive of this mark of the opposer. The words and the pictorial representation are, to the extent they convey the same information, equivalents. Customers do not always see the marks and goods side by side for comparison. The opposer's picture of a devil's head has marked and specific differences over the applicant's notation, but confusion by oral description seems probable. One familiar with opposer's goods might well describe them as having a mark of a red head or a devil's red head upon them.

Another party seeing or hearing this description might upon noting the applicant's goods with the words 'Red Head' upon them readily conclude they had their origin with the opposer. There is at least a reasonable probability of confusion in trade, and it is thought the applicant should not have adopted terms so aptly descriptive of the opposer's mark. If there is doubt it must following the usual rule be resolved against the newcomer."

He thereupon proceeded to hold that there was likelihood of confusion, sustained the opposition of appellee, and held appellant was not entitled to register the mark applied for.

We think the Examiner of Interferences came to the right conclusion. There is nothing in the record to indicate that the words "Red Head" are ever used to indicate the head of the devil, and as a matter of common knowledge we would say that said words are never so used. We think that the representation of the head of the devil, as hereinbefore described, with the hood colored red, assuming without deciding that the color may be here considered, would not carry to the purchaser of goods to which the mark was applied the thought of "red head" as descriptive of the mark, and we think that a purchaser would not be likely, upon seeing goods with the mark "Red Head" applied thereto, to confuse said mark with appellee's mark. In other words, we are not of the opinion that there is likelihood of confusion in trade in the use of the two marks.

It is obvious that, if appellee's said mark of the head of a devil is not confusingly similar to appellant's mark "Red Head," when the former mark is used alone, it is likewise not confusingly similar to appellant's mark "Red Head" when the said mark of a devil's head is used as a part of a composite mark in which the registered mark "Ha Dees" is also used.

Appellee relies upon our decision in the case of Gilmore Oil Co., Ltd., v. Wolverine-Empire Refining Co., 69 F.(2d) 532, 21 C. C. P. A. ——, wherein we held that the representation of a lion's head, together with the words "Lion Head," was confusingly similar with a representation of a wolf's head, together with the words "Wolf's Head," but, in our opinion, the case at bar is plainly distinguishable from said case. In the case at bar the comparison is between the words "Red Head" or their equivalent, the representation of a red head, and the head of a devil, as hereinbefore described.

We think it proper to observe further

that, the marks of both parties being used upon automobile heaters, ordinarily purchased but once during the life of an automobile, purchasers of the article would naturally use a degree of care in their selection greater than would ordinarily be used in the purchase of articles which require frequent replacement. International Silver Co. v. American Silver Co., 37 F.(2d) 622, 17 C. C. P. A. 871.

In our opinion the application of appellant for registration of the mark "Red Head" should be allowed and the notice of opposition dismissed. Accordingly, the decision of the Commissioner of Patents is reversed.

Reversed.

HATFIELD, Associate Judge, did not participate.